10-1004-ag
Zhang v. Holder

BIA
A077 047 520

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of June, two thousand eleven.

PRESENT:
>  JOHN M. WALKER, JR.,
>  PIERRE N. LEVAL,
>  ROSEMARY S. POOLER,
>    *Circuit Judges.*

_____

QUI XIA ZHANG, AKA AHHONGMS TAN,
AKA QIU XIA ZHANG,
>    *Petitioner,*

>    v.                                    10-1004-ag
>                                          NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>    *Respondent.*

_____

FOR PETITIONER:        Lee Ratner, Law Offices of Michael
                       Brown, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Richard M. Evans, Assistant
                       Director; Sharon M. Clay, Trial
                       Attorney, Office of Immigration
                       Litigation, United States Department
                       of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Qui Xia Zhang, a native and citizen of the People's Republic of China, seeks review of the March 3, 2010, decision of the BIA denying her motion to reopen. *In re Qui Xia Zhang*, No. A077 047 520 (B.I.A. Mar. 3, 2010). We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). When the BIA evaluates evidence of country conditions submitted with a motion to reopen, we review its findings for substantial evidence. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

The BIA's denial of Zhang's motion to reopen as untimely was not an abuse of discretion. A motion to reopen generally must be filed no later than 90 days after the date on which the final administrative decision has been rendered in the proceedings sought to be reopened. 8 U.S.C. § 1229a(c)(7)(C)(i). There is no dispute that Zhang's 2009

2

motion was untimely, and number-barred, as it was her third such motion and the final administrative decision was issued in 2002. *See id.*

Moreover, the BIA did not abuse its discretion in declining to equitably toll the time for filing based on ineffective assistance of counsel, because it reasonably found that Zhang failed to demonstrate that she exercised due diligence in pursuing her claim of ineffective assistance of counsel. Zhang received her case files from her previous attorney in December 2002, and that attorney asserted that she informed Zhang at that point that she failed to timely file a brief in support of Zhang's appeal. Zhang did not disagree with that contention when asked to comment by the Disciplinary Committee with which she filed a complaint. Thus, to the extent Zhang's attorney's assistance was ineffective, Zhang knew, or should have known, of the ineffective assistance in December 2002. Consequently, the BIA did not abuse its discretion in finding that Zhang did not exercise due diligence when, after receiving her case files and learning that her attorney had not timely filed a brief, she then waited more than six years to allege ineffective assistance of counsel.

3

*See Jian Hua Wang v. BIA*, 508 F.3d 710, 715 (2d Cir. 2007).

In addition, the BIA's determination that Zhang's motion did not merit the exception to the time and number limitations for motions based on changed country conditions is supported by substantial evidence. The BIA reasonably relied on the IJ's underlying adverse credibility determination in declining to credit an affidavit from Zhang's mother and an unauthenticated village committee notice. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 149 (2d Cir. 2007). Moreover, substantial evidence supports the BIA's finding that the evidence Zhang submitted regarding the repression of Falun Gong practitioners in China shows not that conditions have worsened, but that the repression has been continuous since 1999. *See Jian Hui Shao*, 546 F.3d at 169. As the BIA reasonably declined to credit either the affidavit from Zhang's mother, or the purported village committee notice, and the evidence supports the BIA's finding that repression of Falun Gong practitioners has been continuous, it did not abuse its discretion in concluding that Zhang failed to demonstrate a change in conditions in China, and that her practice of Falun Gong represented merely a change in personal circumstances, not a change in

4

country conditions sufficient to excuse the untimely and number-barred filing. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 274 (2d Cir. 2006). To the extent the petitioner challenges the BIA's discretionary decision to decline to exercise its *sua sponte* authority to reopen her removal proceedings, we lack jurisdiction to review the BIA's decision. See *Ali,* 448 F.3d at 518.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk